**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAR 09 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SON THANH BUI,

    Petitioner - Appellant,

  v.

ANTHONY HEDGPETH, Warden,

    Respondent - Appellee.

No. 10-55399

D.C. No. 2:06-cv-07769-DDP-RC

MEMORANDUM[*]

BUNTHOEUN ROEUNG,

    Petitioner - Appellant,

  v.

DOMINGO URIBE, Jr., Warden,

    Respondent - Appellee.

No. 10-55815

D.C. No. 2:06-cv-05258-DDP-RC

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted March 2, 2015
Pasadena, California

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GOULD and TALLMAN, Circuit Judges, and KORMAN, Senior District Judge.[**]

Habeas petitioners Son Thanh Bui and Bunthoeun Roeung ("Petitioners") —co-defendants in a state court trial of seven gang members for four gang-related shooting incidents that left six dead and eight wounded—seek to overturn their multiple life sentences without the possibility of parole. We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and we affirm the denial of both petitions.

First, the California Court of Appeal's rejection of Petitioners' jury impartiality claim was not objectively unreasonable where Juror No. 11's bias against the death penalty did not taint the jury during the *guilt* phase, and she was properly removed before deliberations for the *penalty* phase began. *Cf. McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 553-56 (1984) (stating the standard for jury impartiality claims in a civil case without dual phases). Thus, Petitioners were not denied a fair trial based on controlling Supreme Court precedent. *See Bumper v. North Carolina*, 391 U.S. 543, 545 (1968); *Witherspoon v. Illinois*, 391 U.S. 510, 517-18 (1968) (holding that a juror's views on the death penalty do not establish bias in the juror's determination of *guilt*).

_____

[**] The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Second, trial counsel did not render ineffective assistance of counsel by failing to move to suppress an eyewitness' pre-trial identifications where they vigorously cross-examined him at trial. *Cf. Harrington v. Richter*, 131 S. Ct. 770, 791 (2011). Additionally, Petitioners cannot show a reasonable probability that the outcome of the trial would have been different, considering the combination of the devastating cross examination of the eyewitness, the non-identification testimony of the eyewitness, which was corroborated by the testimony of Petitioners' accomplice, and the testimony of the detective who pulled over Petitioners' car near the crime scene. Under AEDPA review, the California courts did not unreasonably deny Petitioners' ineffective assistance of counsel claims.

We decline to expand the certificate of appealability. *See* Ninth Circuit Rule 22-1; *see, e.g.*, *Richter*, 131 S. Ct. at 785-92 (rejecting IAC claims based on sound trial tactics or strategy); *Ngo v. Giurbino*, 651 F.3d 1112, 1116-17 (9th Cir. 2011) (foreclosing *Batson* challenge); *Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000) (rejecting similar habeas claim for requiring corroboration of accomplice testimony); *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999) (stating discovery is rarely allowed on habeas review).

**AFFIRMED.**